| | |
|---|---|
| 1 | Ira M. Siegel, Cal. State Bar No. 78142 |
| | email address:  irasiegel@earthlink.net |
| 2 | LAW OFFICES OF IRA M. SIEGEL |
| | 433 N. Camden Drive, Suite 970 |
| 3 | Beverly Hills, California 90210-4426 |
| | Tel:     310-435-7656 |
| 4 | Fax:    310-657-2187 |
| 5 | Attorney for Plaintiff Patrick Collins, Inc. |

ORIGINAL FILED
2010 OCT -4 P 1:30
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Patrick Collins, Inc.,
a California corporation,

　　　　　　　　Plaintiff,

　　　v.

DOES 1-1219,

　　　　　　　　Defendants.

CASE NO.  CV10  4468  LB

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND PROFITS FOR COPYRIGHT INFRINGEMENT; AND DEMAND FOR JURY TRIAL

　　　　Plaintiff Patrick Collins, Inc. (sometimes referred to herein as "Plaintiff") for its Complaint against Defendants Doe 1 through Doe 1219 (sometimes referred to herein collectively as "Defendants") alleges as set forth below.

### NATURE OF THE CLAIM, JURISDICTION AND VENUE

　　　　1.　　This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 etc.  Jurisdiction of this Court over this action is conferred by 28 U.S.C. § 1338(a).

　　　　2.　　Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).  Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District, and/or the acts complained of herein occurred and/or have a significant effect within this District.  Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a).

**INTRADISTRICT ASSIGNMENT**

3. This is an intellectual property action and is therefore exempt from the requirements of Civil Local Rule 3-2(c).

**THE PARTIES**

4. Plaintiff Patrick Collins, Inc. is a corporation duly formed and existing under the laws of California, and has a principal place of business at 8015 Deering Avenue, Canoga Park, California 91304.

5. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his, her or its Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his, her or its infringing activity was observed, is included on **Exhibit A** which is attached hereto. On information and belief, Plaintiff states that information obtained in discovery will lead to the identification of each Defendant's true name and address, and permit Plaintiff to amend this Complaint to state the same.

**COUNT I**

***COPYRIGHT INFRINGEMENTS UNDER 17 U.S.C. §§ 101 ETC.***

6. Plaintiff repeats and reincorporates the allegations set forth in paragraphs 1-5 above.

7. Plaintiff is a motion picture production company. Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in each of the motion pictures identified in **Exhibit A**.

8. Each of the motion pictures identified in **Exhibit A** is an original work that may be copyrighted under United States law. Each of those motion pictures is the subject of a valid Certificate of Registration issued by the United States Copyright Office. In **Exhibit A** the copyright registration number for each motion picture is set forth directly under the title of the motion picture.

9. With respect to each motion picture identified in **Exhibit A**, Plaintiff has either published or licensed for publication all copies of the Motion Picture in compliance with the copyright laws.

10. **Exhibit A** identifies, on a Defendant-by-Defendant basis (one Defendant per row), the copyrighted motion picture, and the registration number of the copyright for that motion picture, that each Defendant has, without the permission or consent of the Plaintiff, reproduced and distributed to the public. When a Defendant has done so with respect to more than one motion picture, the Defendant is listed again in an additional row. **Exhibit A** also sets out the Internet Protocol ("IP") address associated with each Defendant, the identity of the Internet Service Provider associated with the IP address, the last-observed date and time ("Timestamp") that the infringement by that Defendant was observed, and the software protocol used by the Defendant. Further in this regard, Plaintiff is informed and believes that each of the Defendants, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system (sometimes referred to as a "peer to peer" network or a "P2P" network) to reproduce at least one copy of the motion picture listed in the same row as the Doe identifier for that Defendant in **Exhibit A,** and to distribute to the public, including by making available for distribution to others, copies of the such motion picture. In doing so, each Defendant has violated, and continues to violate, Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights in the identified motion pictures protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.). In this case, each Defendant has infringed Plaintiff's copyrights in the motion picture titled "Real Female Orgasms #8," which is the subject of Plaintiff's Copyright Registration No. PA 1-636-797.

11. Each of the Defendant's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

12. Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the respective motion pictures

identified in **Exhibit A**. In addition, discovery may disclose that one or more of the Defendants obtained profits as a result of such infringement.

13.   As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

14.   The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiffs' copyrights.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

A.   For a judgment that such Defendant has infringed Plaintiff's copyright in each motion picture identified with respect to such Defendant in **Exhibit A**;

B.   For entry of preliminary and permanent injunctions providing that such Defendant shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the motion picture, including without limitation by using the Internet to reproduce or copy any motion picture identified with respect to such Defendant in **Exhibit A**, to distribute such motion pictures, or to make any such motion picture available for distribution to anyone, except pursuant to a lawful license or with the express authority of Plaintiffs;

C.   For entry of preliminary and permanent mandatory injunctions providing that such Defendant shall destroy all copies of each motion picture identified with respect to such Defendant in **Exhibit A** that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the motion picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

D. For entry of judgment that such Defendant shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E. For entry of judgment that such Defendant shall pay Plaintiff's costs;

F. For entry of judgment that such Defendant shall pay Plaintiff's reasonable attorney fees; and

G. For entry of judgment that Plaintiff have such other relief as justice may require and/or as otherwise deemed just and proper by this Court.

Respectfully submitted,

*/s/ Ira M. Siegel*

Date: October 3, 2010

Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:   310-435-7656
Fax:   310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

*Ira M. Siegel*

Date: October 3, 2010

Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:   310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.