1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

PATRICK COLLINS INC,                              No. C 10-04468 LB

                  Plaintiff,         **ORDER  RE PLAINTIFF'S EX PARTE**
  v.                                                   **APPLICATION FOR LEAVE TO**
                               **TAKE LIMITED DISCOVERY [ECF**
DOES 1-1219,                                        **No. 6]**

                  Defendants.
_____/

## I.  INTRODUCTION

On November 29, 2010, Plaintiff Patrick Collins, Inc., filed its First Amended Complaint against 1,219 Doe Defendants, asserting a claim for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*  First Am. Complaint, ECF No. 5.  Concurrently, Plaintiff filed the instant Application for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference.  ECF No. 6.  In its Application, Plaintiff requests that the Court allow it to serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them.  *Id.*

As discussed below, Plaintiff has demonstrated that: (1) the Doe Defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe Defendants prior to filing this Application; (3) its infringement claim against the Doe Defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to information identifying the Doe Defendants.  The Court therefore finds that

1   Plaintiff has established good cause exists to allow it to engage in this preliminary discovery.

2   Accordingly, the Court **GRANTS** Plaintiff's Application.

3                                        **II.   BACKGROUND**

4        Plaintiff alleges that it is a motion picture production company that owns the copyrights and

5   exclusive rights under the copyrights in the motion picture entitled, "Real Female Orgasms #8."

6   First Am. Complaint, ECF No. 5 at 2, ¶ 7.   According to Plaintiff, each of the 1,219 Doe Defendants,

7   without Plaintiff's consent or permission, reproduced and distributed to the public at least a

8   substantial portion of "Real Female Orgasms #8."   *Id*. ¶ 10 & Exh. A.   Particularly, Plaintiff alleges

9   that each of the Doe Defendants have used and continue to use an online media distribution system –

10  also known as a "peer to peer" or "P2P" network – to reproduce at least one copy of the motion

11  picture and to make copies of it available to others for distribution.   *Id*.   Based on this conduct,

12  Plaintiff asserts that each of the Doe Defendants has infringed on Plaintiff's exclusive rights in "Real

13  Female Orgasms #8" protected under the Copyright Act of 1976, 17 U.S.C. § 106(1) and (3), thereby

14  causing Plaintiff monetary damages and irreparable harm.   *Id*.   Plaintiff therefore seeks monetary

15  damages, injunctive relief, and costs and attorneys' fees.   *Id*. at 4-5.

16       Because the peer-to-peer file sharing network that the Doe Defendants utilized is partially

17  anonymous, Plaintiff does not know Defendants' names and addresses, and, as a result, is unable to

18  complete service of process on them.   Application, ECF No. 6 at 3-4.   However, Plaintiff has been

19  able to identify the Internet Protocol ("IP") assigned to each of the Doe Defendants and the date and

20  time that each Defendant allegedly infringed on Plaintiff's copyrighted work.   *Id*.; First Am. Compl.,

21  Ex. A, ECF No. 5.   Additionally, Plaintiff has identified the Internet Service Provider ("ISP") for

22  each of the IP addresses.   Plaintiff therefore requests that, pursuant to Federal Rule of Civil

23  Procedure 26(d), the Court grant it leave to serve a Rule 45 third-party subpoena on each ISP listed

24  in Exhibit A that assigned an IP addresses to the Doe Defendants so that Plaintiff may obtain the

25  names and contact information of the Doe Defendants to effect service of process on them.

26                                      **III.   DISCUSSION**

27  **A.   Legal Standard for Leave to Take Early Discovery**

28       A court may authorize early discovery before the Rule 26(f) conference for the parties' and

UNITED STATES DISTRICT COURT
For the Northern District of California

C 10-04468 (Order re Plaintiff's Ex Parte Application)

UNITED STATES DISTRICT COURT
For the Northern District of California

1  witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts in this district

2  generally consider whether a plaintiff has shown "good cause" for the early discovery.  *See, e.g., IO*

3  *Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010);

4  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal. 2002).  Other

5  districts in the Ninth Circuit apply the same standard.  *See, e.g.*, *Texas Guaranteed Student Loan*

6  *Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *United States*

7  *v. Distribuidora Batiz CGH, S.A. De C.V.*, No C 07-370, 2009 WL 2487971, at *10 (S.D. Cal. Aug.

8  10, 2009); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz.

9  2001) (collecting cases and standards).

10  When the identity of defendants is not known before a complaint is filed, a plaintiff "should be

11  given an opportunity through discovery to identify the unknown defendants, unless it is clear that

12  discovery would not uncover the identities, or that the complaint would be dismissed on other

13  grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In evaluating whether a plaintiff

14  establishes good cause to learn the identity of Doe defendants through early discovery, courts

15  examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the

16  court can determine that the defendant is a real person who can be sued in federal court, (2) recounts

17  the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a

18  motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that

19  will permit service of process.  *Io Group*, 2010 WL 4055667 at * 1; *Columbia Ins. Co. v.*

20  *seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

21  **B.  Plaintiff Has Shown Good Cause**

22  Here, Plaintiff has made a sufficient showing under each of the four factors listed above to

23  establish good cause to permit it to engage in early discovery to identify the Doe Defendants.

24  First, Plaintiff has identified the Doe Defendants with sufficient specificity by submitting a chart

25  listing each of the Defendants by the IP address assigned to them on the day Plaintiff alleges the

26  Defendant engaged in the infringing conduct.  *See* Exh. A, Declaration of Jon Nicolini, ECF No. 6-1

27  at 10-66.

28  Second, Plaintiff has adequately described the steps taken to locate and identify the Doe

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Defendants.  Application, ECF No. 6 at 3; Nicolini Decl., ¶¶ 17, 21, ECF No. 6-1 at 5, 7.

2   Specifically, Plaintiff hired Copyright Enforcement Group, LLC ("CEG"), to investigate and collect

3   data on unauthorized distribution of copies of "Real Feamel Orgasms #8" on peer-to-peer networks,

4   such as BitTorrent.  *Id.*  The data that CEG gathered, separated out by Doe Defendant, is listed in

5   Exhibit A to Plaintiff's First Amended Complaint and includes each Defendant's IP address, the ISP

6   that assigned that IP address, the date and time the Defendant infringed on Plaintiff's copyrighted

7   work, and the peer-to-peer software application the Defendant used.  First Am. Compl., Ex. A, ECF

8   No. 5 at 7-64; *see also* Ex. A to Nicoloni Decl., ECF No. 6-1.

9       Third, Plaintiff has pled the essential elements to state a claim for copyright infringement against

10  the Doe Defendants.  *See* First Am. Compl., ¶¶ 6-15, ECF No. 55 at 2-4.

11      Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to

12  identifying information that will allow Plaintiff to effect service of process on the Doe Defendants.

13  *See* Application, Exh. 1, ECF No. 6 at 11-21.  Specifically, the proposed subpoena requests that each

14  ISP produce information sufficient to identify the Doe Defendant who subscribed to its service,

15  including the Defendant's name, address, telephone number, and email address.  *Id.* at 11.

16      Taken together, the Court finds that the foregoing factors demonstrate good cause exists to grant

17  Plaintiff leave to conduct early discovery to identify the Doe Defendants.  *See Semitool*, 208 F.R.D.

18  at 276.  Further, the Court finds that early discovery furthers the interests of justice and poses little,

19  if any, inconvenience to the subpoena recipients.  Permitting Plaintiff to engage in this limited, early

20  discovery is therefore consistent with Rule 26(d).

21                                      **IV.  CONCLUSION**

22      For the reasons stated above, the Court **GRANTS** Plaintiff's Ex Parte Application for Leave to

23  Take Limited Discovery (ECF No. 6) as follows.

24      1.  **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on the

25  ISPs listed in Exhibit A to the First Amended Complaint filed in this matter to obtain the identity of

26  the Doe Defendants listed in that Exhibit by serving a Rule 45 subpoena that seeks information

27  sufficient to identify each such Defendant, including the name, addresses, telephone numbers, and

28  email addresses of such Defendant.

C 10-04468 (Order re Plaintiff's Ex Parte Application)

4

UNITED STATES DISTRICT COURT
For the Northern District of California

2. **IT IS FURTHER ORDERED** that Plaintiff's counsel shall issue subpoenas in substantially the same form as the example attached as Exhibit 1 to Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3. **IT IS FURTHER ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551.

4. **IT IS FURTHER ORDERED** that the ISPs will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

5. **IT IS FURTHER ORDERED** that subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

6. **IT IS FURTHER ORDERED** that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

7. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

8. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

C 10-04468 (Order re Plaintiff's Ex Parte Application)

9.  **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

**IT IS SO ORDERED.**

Dated: December 28, 2010

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C 10-04468 (Order re Plaintiff's Ex Parte Application)