UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| PATRICK COLLINS INC, | No. C 10-04468 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| DOES 1-1219, | |
| Defendants. | |

Plaintiff Patrick Collins, Inc. filed its original complaint on October 4, 2010. ECF No. 1.[1] Plaintiff filed an amended complaint on November 29, 2010. ECF No. 5. On the same day, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 6. The court granted this application on December 28, 2010, permitting the Plaintiff to serve subpoenas on certain Internet Service Providers to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them. ECF No. 7. The order gave the Internet Service Providers and subscribers each 30 days in which to object to the subpoenas. *Id.* at 5. More than 200 days have passed since the filing of the original complaint and more than 100 days have elapsed since the issuance of the order but no proof of service has been filed.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint for

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 10-04468 LB
ORDER TO SHOW CAUSE

all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint. *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that time to serve defendants *added in the new complaint* runs from filing of new complaint). This approach comports with the policies underlying the rule. *See Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force parties and their attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.*

Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v*, 763 F.2d at 372 (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

In its request for an order vacating the case management conference, Plaintiff explains that it has served subpoenas on all of the Internet Service Providers identified in its application and that some of the Internet Service Providers have "represented that, between their obligations to provide similar information to law enforcement organizations and to counsel for plaintiffs in other mass infringement cases, they can only provide a fraction of the requested Doe identities per month, and they have various cost demands." ECF No. 11 at 5. The delays allegedly attributable to *some* of the Internet Service Providers does not explain Plaintiffs failure to provide proof of service on *any* of the Doe Defendants. Moreover, Plaintiff's filing at ECF No. 11 is not a motion for an enlargement of time to serve and the statements within the filing do not constitute acceptable evidence of good cause.

Rule 4(m) requires Plaintiff to have filed proof of service by February 1, 2011. Plaintiff did not. The court's earlier order giving Plaintiff permission to take expedited discovery implicitly contemplated an extension but does not excuse a whole cloth failure to serve process or otherwise assure the court that Plaintiff is diligently prosecuting the case. Accordingly, the court **ORDERS** Plaintiff to show cause why this action should not be dismissed for failure to serve the defendants as required by Rule 4(m) by <u>May 23, 2011</u>.

**IT IS SO ORDERED.**

Dated: May 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge