IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK COLLINS, INC.

Plaintiff,

MOTION TO QUASH SUBPOENA
AND VACATE ORDER
FOR LEAVE TO TAKE
LIMITED DISCOVERY

-against-

CIVIL ACTION NO.
CV-10-04468-LB

JOHN DOES 1 – 1219,

Defendants.

Lewis O'Hare
One of the alleged John Doe Defendants 1-1219
2519 Highbridge Road
Weedsport, NY 13166-9611
(315) 834-6092

## MOTION TO QUASH AND VACATE SUBPOENA AND VACATE ORDER FOR LEAVE TO TAKE LIMITED DISCOVERY

Lewis O'Hare, alleged to be one of the JOHN DOES 1-1219 (Defendant), for his Motion, states as follows:

1. Plaintiff Impermissibly Attempts to Circumvent Procedural Protections with an Un-certifiable Class, as Federal Courts disapprove of Mass Joinder of Defendants in Copyright Infringement Cases.  See Tilley v. TJX Inc., 345 F.3rd 34, 42-43 (1st Circuit 2003).

2. Plaintiff has not established that the Court has Personal Jurisdiction over him based on the domicile of the alleged and various John Doe Defendants.  See United States v. Henderson, 209 Fed Appx. 401, 402 (5th Cir. 2006).

Copyright Infringement Cases.  See Tilley v. TJX Inc., 345 F.3rd 34, 42-43 (1st Circuit 2003).

2. Plaintiff has not established that the Court has Personal Jurisdiction over him based on the domicile of the alleged and various John Doe Defendants.  See United States v. Henderson, 209 Fed Appx. 401, 402 (5th Cir. 2006).

3. Plaintiff has not met the 1st Amendment test for unmasking Anonymous Speakers.  See Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2nd 556, 564 (S.D.N.Y. 2004).

4. Plaintiff has designed this lawsuit to deprive Defendant of adequate representation and in a venue and jurisdiction that is improper.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) and uBID Inc. v. The GoDaddy Grp Inc., 623 F.3rd 423 (7th Cir. 2010).

**WHEREFORE**, Lewis O'Hare respectfully requests that the Court vacate its Order dated December 28, 2010 on Plaintiff's ex parte Application For Leave To Take Limited Discovery [ECF No. 6], quash any outstanding subpoenas already issued by the Plaintiff, and require Plaintiff to immediately notify their recipients that the subpoenas have been quashed, and further requests that the Court allow movant to proceed anonymously so that the identity of movant will not be disclosed to the plaintiff unless and until the subpoena is allowed, together with such other, further and different relief the Court may deem just, proper and equitable.

Dated: June 29, 2011

Respectfully Submitted,

_Lewis O'Hare_
LEWIS O'HARE