UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

PATRICK COLLINS INC,

          Plaintiff,

   v.

DOES 1-1219,

          Defendants.

No. C 10-04468 LB

**ORDER DISMISSING COMPLAINT**

## I. INTRODUCTION

Plaintiff Patrick Collins, Inc. filed its original complaint on October 4, 2010. ECF No. 1 at 1.[1] Plaintiff filed an amended complaint on November 29, 2010. ECF No. 5. On the same day, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 6. The court granted this application on December 28, 2010, permitting Plaintiff to serve subpoenas on certain Internet Service Providers to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them. ECF No. 7. The order gave the Internet Service Providers and subscribers each 30 days in which to object to the subpoenas. *Id.* at 5. After more than 200 days passed since the filing of the original complaint and more than 100 days elapsed since the issuance of the discovery order, the court ordered Plaintiff to show cause why its complaint should not be dismissed for failure to serve any defendants. Plaintiff filed a response

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 10-04468 LB
ORDER DISMISSING COMPLAINT

to the order to show cause, focusing on the delays in getting names from the Internet Service Providers. ECF No. 17 at 3. The court now dismisses the case because Plaintiff did not show good cause for its failure to name and serve any defendants.

## II. LEGAL STANDARDS

### A. Time to Serve Doe Defendants

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint for all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint. *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that time to serve defendants *added in the new complaint* runs from filing of new complaint). This

1  approach comports with the policies underlying the rule. *See Fimbres v. United States*, 833 F.2d
2  138, 139 (9th Cir. 1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force parties and their
3  attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763
4  F.2d 370, 372 (9th Cir. 1985)).

## B. Good Cause

A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v*, 763 F.2d at 372 (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993; *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## III. DISCUSSION

### A. Whether Plaintiff Demonstrated Good Cause for Failure to Serve

Plaintiff filed a response to the order to show cause, focusing on the delays in getting names from the Internet Service Providers. ECF No. 17 at 3. Plaintiff does not dispute that it has not served any defendants in this case or that more than 120 days have passed since it filed its complaint. Instead, Plaintiff discusses the difficulties in the context of a number of other pending cases. *Id.* at 4-6. And Plaintiff represents that it is working with the Internet Service Providers to streamline the process for identifying individuals and attributes some of the delays to the Internet Service Providers' difficulties in providing the necessary information. *Id.* at 5-6.

Plaintiff also argues that dismissal is not required or warranted at this stage, pointing out that the cases in the court's order to show cause involved longer delays or did not result in a dismissal for

(left margin: **UNITED STATES DISTRICT COURT** / For the Northern District of California)

1  reasons of judicial economy. *Id.* at 6-7. Plaintiff further claims that it is working diligently to
2  identify and serve the defendants and requested an enlargement of time until August 2, 2011 to serve
3  the defendants. *Id.* at 8.

4      The court granted Plaintiff's request for early discovery so that Plaintiff could *identify and serve*
5  the Doe defendants. Order, ECF No. 7 at 1. But Plaintiff has not filed proof of service of a single
6  defendant. And, as the court noted, the delays allegedly attributable to *some* of the Internet Service
7  Providers does not explain Plaintiff's failure to name and provide proof of service on *any* of the Doe
8  Defendants. *Cf. Wei*, 763 F.2d at 372 (holding that plaintiff's desire to amend complaint did not
9  constitute good cause for failure to timely serve defendants).

10     Moreover, the court has no confidence that Plaintiff has been diligent in moving to name and
11 serve defendants, despite its (unsworn) claims to the contrary. For example, Plaintiff's counsel
12 states that he has filed ten other copyright cases involving a large number of Doe defendants. ECF
13 No. 17 at 4. The court reviewed the dockets and noted that the plaintiffs in these cases have not
14 filed proof of service for even a single defendant even though a number of defendants have been
15 identified and dismissed after settling with the plaintiffs. *See, e.g., Media Products, Inc. DBA*
16 *Devil's Film v. Does 1-1257*, Case No. CV 10-04471 RS (complaint filed on October 4, 2010 and
17 no proof of service filed for any defendant as of July 29, 2011, but four Doe defendants have been
18 dismissed after settling). This pattern holds true in this case too. Here, Plaintiff has not identified or
19 served any of the 1,219 Doe Defendants. However, on May 10, 2011, Plaintiff filed a stipulation
20 dismissing with prejudice a Doe Defendant who settled with Plaintiff. ECF No. 13 at 1. And, on
21 August 18, 2011, Plaintiff filed a stipulation dismissing with prejudice more than thirty Doe
22 Defendants who setttled. ECF No. at 1-2. The plaintiffs in these cases appear content to force
23 settlements without incurring any of the burdens involved in proving their cases. And, while the
24 courts favor settlements, "filing one mass action in order to identify hundreds of doe defendants
25 through pre-service discovery and facilitate mass settlement, is not what the joinder rules were
26 established for." *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *6 (N.D.
27 Cal. Feb. 3, 2011).

28     Additionally, the court does not find that Plaintiff will be unduly prejudiced by a dismissal

1  without prejudice. The earliest date of an illegal download identified in Plaintiff's Exhibit A is May
2  13, 2010. ECF No. 5 at 8. Under 17 U.S.C. § 507, a civil copyright action must be commenced
3  within three years after the claim accrued. Furthermore, Plaintiff claims to have coordinated with
4  the Internet Service Providers to streamline the systems for acquiring identifying information and, as
5  evidenced by the stipulated dismissals, appears to be receiving such information already.

6  The case law in similar cases does not compel a different result. For example, a court in the
7  Northern District of Illinois dismissed a similar complaint after only 131 days, noting the potential
8  for abuse. *CP Productions, Inc. v. Does 1-300*, Civ. No. 10 C 6255, Memorandum Order, ECF No.
9  27 (N.D. Il. Feb. 7, 2011). Shortly thereafter, the court denied the plaintiff's motion for
10 reconsideration. *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D.
11 Ill Feb. 24, 2011). In its order denying the plaintiff's motion for reconsideration, the court expanded
12 upon its concerns. Specifically, the court noted the serious issues regarding personal jurisdiction,
13 joinder, and venue. *Id.* The court then ordered the subpoena issued to the Internet Service Provider
14 to be quashed. *Id.* The court also ordered the plaintiff to direct the Internet Service Provider to
15 notify (at the plaintiff's expense) all those to whom the Internet Service Provider had previously
16 given notice of the plaintiff's subpoena issued to the Internet Service Provider. *Id.* The notice was
17 to include (1) the fact of this dismissal and (2) the fact that the Internet Service Provider will take no
18 further action in connection with the now-quashed subpoena, so that those persons are free to ignore
19 the matter. *Id.* In the instant case, the undersigned identifies the same concerns as discussed in the
20 *CP Productions* orders. And even more saliently, Plaintiff had more than six months to name and
21 serve the Doe Defendants following this court's order granting permission for Plaintiff to take
22 expedited discovery.

23 In *IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909 (N.D. Cal. Mar. 1, 2011),
24 the district court rejected a subscriber's motion for dismissal pursuant to Rule 4(m). In *IO Group*,
25 the plaintiff argued that the subscriber asserted that he did not infringe plaintiff's work, suggesting
26 that someone else used his IP address to infringe the plaintiff's work. *Id.* at *1. The plaintiff then
27 claimed that it needed to take third-party discovery from the subscriber to try to identify who
28 actually used the subscriber's IP address to allegedly infringe the plaintiff's work. *Id.* The court

granted the plaintiff 60 days to identify and serve the Doe defendant. *Id.* at *2. The plaintiff never served the defendant, and the court dismissed the case. Docket No. C 10-03851 SI, Order, ECF No. 41 at 1. Here, Plaintiff merely claims that the Internet Service Providers are slowly providing the necessary information. Plaintiff has not identified new third-party discovery that is necessary. Additionally, the ultimate disposition of the *IO Group* case highlights the court's concern that the plaintiffs in these kinds of cases are not genuinely prepared to bring their cases.

### B. Whether this Court Can Dismiss the Complaint

Plaintiff has consented to this court's jurisdiction. ECF No. 9. The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

### IV. CONCLUSION

For the foregoing reasons, the court **DISMISSES** Plaintiff's complaint without prejudice. The court further **ORDERS** Plaintiff to direct the Internet Service Provider to notify (at Plaintiff's expense) all those to whom the Internet Service Provider had previously given notice of Plaintiff's subpoena issued to the Internet Service Provider. The notice is to include (1) the fact of this dismissal and (2) the fact that the Internet Service Provider will take no further action in connection with the now-quashed subpoena, so that those persons are free to ignore the matter.

**IT IS SO ORDERED.**

Dated: August 29, 2011

_____
LAUREL BEELER
United States Magistrate Judge